IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VENICE PROPERTIES, LLC d/b/a ) | |
| VENICE FOOD MART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. 14-542-JPG-SCW |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| U.S. DEPARTMENT OF AGRICULTURE, ) | |
| FOOD AND NUTRITION SERVICE, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S REQUEST FOR RESTRAINING ORDER
### AND TEMPORARY INJUNCTION AND ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, VENICE PROPERTIES, LLC, hereinafter referred to as "Plaintiff complaining of the U.S. Department of Agriculture, Food and Nutrition Service, hereinafter referred to as "Department of Agriculture and for same would respectfully show unto the Honorable Court as follows:

### NATURE OF CASE

1. Plaintiff Venice Properties LLC is a retail grocer with its principal place of business being in Venice, Illinois. Plaintiff business is a participant in the Supplemental Nutrition Assistance Program ("SNAP" or "Food Stamp Program").

2. Defendant U. S. Department of Agriculture, Food and Nutrition Service ("Department of Agriculture") has permanently disqualified Plaintiff from participation in the Food Stamp Program for allegedly trafficking SNAP benefits. Plaintiff brings this action to stay pending the outcome of the trial, the actions of the Department of Agriculture in disallowing Plaintiff to participate in the SNAP program. Further, Plaintiff appeals through this trial de novo action to set aside Defendant's determination to permanently disqualify Plaintiff from participation in the SNAP. Additionally, Plaintiff challenges the constitutionality and validity of methods utilized by Defendant in disqualifying Plaintiff from the SNAP program.

3. Pursuant to 7 U.S.C. §2023(a)(15), this action is a trial de novo in which the Court shall determine the validity of the questioned administrative action at issue.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this controversy, pursuant to 7 U.S.C. §2023, 5 U.S.C. §793, the Fifth and Fourteenth Amendments of the United States Constitution and 7 CFR §279.7.

5. Venue is proper in this Court pursuant to 7 U.S.C. §2023 and 28 U.S.C. §1331. Venue is proper in this District pursuant to 7 U.S.C. §2023 and 28 U.S.C. §1391(e). Plaintiff was a grocer within Madison County, Illinois located in the Southern District of Illinois.

## Parties

6. Plaintiff is a retail grocer with its principal office located at 420 Broadway, Venice, Illinois.

7. Defendant United States may be served with process pursuant to 7 C.F.R. §2023 by sending summons and complaint to the United States Department of Agriculture's Office of the General Counsel's Regional Office located at Beacon Facility, Mail Stop 1401, 9240 Troost Avenue Kansas City, Missouri 64131-3055.

## Factual Background

8. Plaintiff began operation of its grocery store beginning in April 2009 in the blighted community of Venice, Illinois. Plaintiff's income was solely based upon SNAP benefits it earned in sales.

9. Plaintiffs small business employed approximately 5-7 employees.

10. Plaintiff received a letter of charges dated February 13, 2014 from Defendant alleging that Plaintiff was trafficking SNAP benefits. Defendant did not make any allegations that onsite visits were made to the Plaintiffs location. Further, Defendant did not make any allegations that investigators witnessed Plaintiff purchasing SNAP benefits from its customers. Defendant's allegations were based solely upon a review of Plaintiffs sales numbers as compared to its ALERT computer program. Defendant alleged that its computer program revealed the following:

1 Two vouchers were issued on the same day for some SNAP beneficiaries that purchased groceries from Venice Properties.

2. The majority of the individual recipient that purchased from Venice Properties exhausted their benefits in unusually short periods of time.

3. Excessively large purchase transactions were made from Venice Properties by recipient accounts.

Based solely upon this review of Plaintiffs sales numbers, Defendant reached a conclusion that Plaintiff was trafficking SNAP benefits.

11. Plaintiff provided a written reply on March 7, 2014. Such written reply contained Plaintiffs emphatic denial that the company had trafficked SNAP benefits.

12. On April 10, 2014, Defendant issued a final determination of permanent disqualification based upon an offense of trafficking, without the possibility for a civil penalty in lieu of permanent disqualification.

13. Plaintiff made a timely request for review of the adverse action listed above.

14. In an opinion issued on April 10, 2014, Rich Proulx, Administrative Review Officer for Defendant upheld the final determination of permanent disqualification, without the possibility for a civil penalty in lieu of permanent disqualification. Attached hereto as **Exhibit A** and incorporated herein by reference is a true and correct copy of the administrative decision.

### RESTRAINING ORDER AND TEMPORARY INJUNCTION

15. Plaintiff re-alleges and incorporates herein all facts and allegations set forth above.

16. Pursuant to 7 U.S.C. 2023(17), Plaintiff is requesting that this Court stay the administrative actions of Defendant pending trial of this matter. In support of such request, Plaintiff will show the following:

> 1) Plaintiff is likely to prevail in demonstrating the arbitrary and purely speculative assumption by Defendant that Plaintiff was trafficking SNAP benefits based solely upon a review of Plaintiffs sales numbers as compared to the ALERT computer program;
>
> 2) Plaintiff is likely to prevail in demonstrating the violation of its substantive due process rights, procedural due process rights, and equal protection rights under the law have been and continue to be violated by Defendant;
>
> 3) Plaintiff can show the irreparable harm to Plaintiffs company by demonstrating the effects of preventing it from doing business pending the trial of this matter will effectively close Plaintiffs business; damage its credit rating; and financially ruin Plaintiff;
>
> 4) Plaintiff can show that it has exhausted all administrative remedies and has no adequate remedy at law to redress the grievances which have been set forth herein.

17. Plaintiff can produce invoices to demonstrate that it restocked its grocery stores on a regular basis, which would invalidate an allegation it purchased SNAP benefits. Consistent restocking would support Plaintiffs position that food was exchanged for SNAP benefits rather than Plaintiff purchasing SNAP benefits from customers.

18. Plaintiffs bank statements can be produced in order to demonstrate that Plaintiff's company, was "cash poor" at all times relative. Based upon such, it would have been unlikely that there was cash readily available to purchase SNAP benefits.

19. The owner of Plaintiff Company, as well as the employees of Plaintiff Company were dependent upon the proceeds from Plaintiff Company to sustain them financially and therefore

none were independently wealthy enough to contribute the type money necessary to purchase SNAP benefits to the extent alleged by Defendant.

20. Plaintiff denies that it trafficked SNAP benefits. Plaintiff is prepared to demonstrate the flaws in the ALERT computer program. During the administrative process, Plaintiff did not have an opportunity to review the ALERT computer program. However, in the trial of this matter, Plaintiff will have the opportunity to examine the program and obtain expert witness testimony in order to meet its burden of proof that will show that reasonable minds would not conclude that trafficking occurred.

## APPEAL OF PERMANENT DISQUALIFICATION FROM SNAP PROGRAM

21. Plaintiff re-alleges and incorporates herein all facts and allegations set forth above.

22. In accordance with 7 U.S.C. §2023, Plaintiff hereby appeals its permanent disqualification as a participant in the SNAP program and requests a trial de novo in this Court. This Court is to determine the validity of the administrative action in question and, if such action is invalidated, the Court is requested to enter a judgment or order reflecting such. Plaintiff is requesting that the administrative action in question be set aside.

23. Plaintiff requests any and all other relief as the Court may deem proper.

Respectfully Submitted,

SIVIA BUSINESS & LEGAL SERVICES, P.C.

By: /s/ Todd W. Sivia
Todd W. Sivia, #6285179
217 S. Main Street
Edwardsville, IL 62025
Telephone: (618) 659-4499
Facsimile: (618) 659-4027
pleadings@sivialaw.com